## MOORE v. MYER–SNIFFEN CO.

(Circuit Court, S. D. New York.  December 4, 1903.)

1. PATENTS—INVENTION—OVERFLOW FOR BATHTUBS.
 The Moore patent, No. 379,973, for an overflow for washbasins, bathtubs, etc., is void for lack of patentable invention.

In Equity.  Suit for infringement of letters patent No. 379,973, for overflow and connections for bathtubs, etc., granted to Charles H. Moore, March 27, 1888.  On final hearing.

W. P. Preble, Jr., for plaintiff.
C. J. Sawyer, for defendant.

WHEELER, District Judge.  This suit is upon patent No. 379,-973, dated March 27, 1888, and granted to the plaintiff for an improvement in the overflow and connections for bathtubs, sinks, and washbasins, providing an easy means of pouring water into the overflow pipe.

The specification states that in the ordinary concave shaped earthenware washbasins, where the overflow pipe proceeds from the side, strainer holes have been made through the body of the earthenware into the overflow pipe, making cleansing of the overflow pipe difficult, and that the invention removes these objections, as the strainer can be taken off from time to time, and the overflow pipe kept clean and free.

The specification and drawings show an overflow pipe, marked "1"; a fitting, marked "2"; a bolt or bushing, marked "3"; a bolt or bushing, marked "4"; a strainer, marked "5"; and an aperture from the bowl or vessel into the main overflow, marked "6."

The patent has nine claims.  Those in question are:

"(4) The combination, with a basin, bathtub, or sink of a bolt or bushing, 3, made separated from and secured permanently to the body of the basin, and having the end inside of the basin prepared to receive a fitting to hold the strainer, 5, in position over the mouth of the overflow, the fitting which holds the strainer, 5, being arranged to admit of the said strainer, 5, being removed from the mouth of the overflow without loosening or removing the fitting, 3, from the body of the basin.

"(5) In an earthenware washbasin having an overflow-pipe and an aperture, 6, made in the earthenware, the combination, with the fitting, 2, and bolt or bushing, 3, secured permanently to the basin of the fitting, 4, screwed to the bolt or bushing, 3, and the strainer, 5, held in position by the fitting, 4, the said fitting, 4, and strainer, 5, being arranged to be removed from the basin without removing the fitting, 2, or bolt or bushing, 3."

It is said in argument that the plaintiff's patent may not fully cover his claimed invention.  That it does not is quite apparent from the reading and scope of these claims.  They cannot be made to cover what is outside of and beyond their specific terms.  They do not cover an open overflow from the basin into the waste pipe, to be covered by a movable strainer, but only the means for providing such an overflow and fastening the strainer.  They really cover only the fittings as mechanical devices.  As such, they do not appear to be new and patentable.  These forms of fastenings are all very well-

known devices. Their application here does not seem to be sufficiently new to form the foundation for a valid patent.

Bill dismissed.